UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WALTER J. BECINSKI, | CASE NO. C10-5289RBL |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | Noted for September 17, 2010 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter is before the court on defendant's motion to dismiss. Doc. 6.

Because this action is barred by the applicable statute of limitations and there being no legal basis to justify equitable tolling of the statute, the undersigned RECOMMENDS that defendant's motion be GRANTED and that the Complaint be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

This is an action for judicial review of the final decision of the Social Security Administration denying plaintiff's claim for social security disability benefits under the Social Security Act, 42 U.S.C. § 401, et seq. Defendant, the Commissioner of the Social Security Administration, moves to dismiss the complaint on the ground that plaintiff failed to file his appeal within the time period prescribed by 42 U.S.C. § 405(g).

Section 405(g) states that an individual seeking judicial review of the Secretary's final administrative decision is required to file such action with the court "within sixty (60) days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). By regulation, the Secretary has required that any civil action be filed within sixty (60) days of receipt of the notice. 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date of notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

In the instant case, the Appeals Council mailed notice of its final decision to the plaintiff on February 3, 2010. Declaration of Joan DeVera, Chief of Court Case Preparation and Review Branch I of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Doc. 7. The Appeals Council's letter specifically stated:

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days *after the date on it* unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

Id. (emphasis added).

REPORT AND RECOMMENDATION - 2

Plaintiff argues the court should deny defendant's motion to dismiss because his attorney did not receive the notice from the Appeals Council until February 25, 2010 and thus, the deadline for filing of the civil action was sixty-five days later on May 3, 2010.  Plaintiff has misread the clear language of the statute, regulation, and notice.

As noted above, the statute clearly states the matter must be filed "within sixty (60) days *after the mailing to him of notice*."  The regulation is slightly different and states that the civil action must be filed within sixty (60) days of *receipt* of the notice, but the date of receipt is presumed to be five days after the date of notice.  Finally, the notice sent to plaintiff, with a copy to plaintiff's representative, follows the language of the regulation, clearly stating that the letter is presumed to have been received five days after the date stamped on the notice, unless otherwise shown.  The notice also clearly directs the claimant to show the Appeals Council if the notice is not received within the presumed five day period and how to ask for additional time if needed.  Nowhere does it provide that the notice will be extended beyond 65 days from the date the notice was sent.

Here, the notice was sent to plaintiff on February 3, 2010.  It was presumed to have been received on February 8, 2010, and thus, the deadline for filing a civil action to challenge the administrative action was on or before April 9, 2010.  The Complaint was not filed until April 26, 2010, seventeen days past the statute of limitations.

The sixty-day limit for filing "constitutes a statute of limitations."  Bowen v. City of New York, 476 U.S. 467, 478 (1986); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir.1987).  This limitation can be tolled by "traditional equitable tolling principles," such as when the cause of action is based on duress or undue influence or when the defendant fraudulently conceals the cause of action.  See Bowen, 476 U.S. at 479; Vernon, 811 F.2d at 1277-78.  In Vernon, for

REPORT AND RECOMMENDATION - 3

example, the plaintiff was late in filing a complaint in a similar cause of action. In that case, the plaintiff alleged that a Social Security Administration employee misinformed him about the filing deadline. Vernon, 811 F.2d at 1275.

Equitable tolling "focuses on whether there was excusable delay by the plaintiff" and "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also Burnett v. New York Cent. R. Co., 380 U.S. 424, 429 (1965)(allowing equitable tolling if "a plaintiff has not slept on his rights, but rather, has been prevented from asserting them"). Equitable tolling is available if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way.'" Harris v. Carter, 515 F.3d 1051, 1054-55 (9th Cir. 2008)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)), cert. denied, 129 S.Ct. 397, (2008). In Harris the Ninth Circuit explained the following:

> We have stated that the purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir.2004). Equitable tolling also serves to "prevent the unjust technical forfeiture of causes of action." *Id*. Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control. *See Stillman*, 319 F.3d at 1202. Equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament. *See Lawrence*, 127 S.Ct. at 1085.

Id. at 1055. See also Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir. 2003)(noting that due diligence is required to trigger equitable tolling).

Here, plaintiff does not argue the court should equitably toll the statute of limitation. In contrast, plaintiff argues the civil action was timely filed. As shown above, the matter was not timely filed and plaintiff's argument is based on a misreading of the statute, regulations, and the notice sent to him and his representative. Plaintiff argues that the time to file his civil action was

REPORT AND RECOMMENDATION - 4

sixty-five days after his *receipt* of the notice on February 25, 2010, or on May 3, 2010.  Nowhere in the statute, regulations or notice does the time period run a full sixty-five days after receipt of the notice.  It is a sixty-day period with a five-day presumption of receipt from the date of the notice being sent by the Appeals Council.

Furthermore, plaintiff does not point to any deceptive conduct or misleading information by defendant similar to other cases in which equitable tolling was applied.  Accordingly, plaintiff's late filing of his complaint was not the result of any external circumstance beyond his control; it was simply a mistake.

The court notes that "garden variety" claims of excusable neglect do not entitle a litigant to equitable tolling of statutory time limits.  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  Other courts have ruled similarly.  In Johnson v. Shalala, 2 F.3d 918, 923, (9th Cir. 1993) the court did not apply equitable tolling and relied heavily on Bailey v. Sullivan, 885 F.2d 52, 63-64 (3d Cir.1989), where the Third Circuit held that equitable tolling is appropriate only when governmental conduct prevents claimants from recognizing that they have a valid claim.  The First Circuit upheld the sixty-day limitation for filing claims under 42 U.S.C. § 405(g).  Small v. Gardner, 390 F.2d 186 (1st Cir.1968), cert. denied, 393 U.S. 984 (1968).  A number of District Court's have dismissed similar actions based solely on the fact that plaintiff missed the sixty-day deadline.  *See* Worthy v. Heckler, 611 F.Supp. 271 (D.C.N.Y.1985)(the five-day presumption period clearly does not extend the sixty-day period to a sixty-five-day time limit); O'Neill v. Heckler, 579 F.Supp. 979 (E.D.Pa.1984); Carter v. Heckler, 588 F.Supp. 87 (N.D.Ill.1984).  Tardy filing, even if only by one day, is cause enough for the court to apply the statute of limitation.  O'Neill, 579 F.Supp. at 978-79.

1  A fair reading of the law does not permit a recommendation that the District Court
2  equitably toll the statutory filing period on account of simple neglect.

3  CONCLUSION

4  Based on the foregoing, the undersigned RECOMMENDS that the defendant's motion to
5  dismiss be GRANTED and that this action be DISMISSED with prejudice.  Pursuant to 28
6  U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have
7  fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.
8  6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.
9  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the
10 clerk is directed to set the matter for consideration on September 17, 2010, as noted in the
11 caption.

12 DATED this 25th day of August, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6